981 F.Supp. 873 (1997)
U.S.A., ex rel. Otis St. George MORGAN, (A43 977 948), Relator,
v.
Edward McELROY, as District Director of the Immigration Service for the District of New York, or such person, if any, who have the said Otis St. George Morgan in custody, Respondent.
No. 97 Civ. 5214 (JES).
United States District Court, S.D. New York.
November 24, 1997.
*874 Lebenkoff & Coven (Jules E. Coven, of Counsel), New York City, for relator.
Mary Jo White, United States Attorney for the Southern District of New York, New York City, F. James Loprest, Jr., Spec. Asst. U.S. Atty. for respondent.

MEMORANDUM OPINION AND ORDER
SPRIZZO, District Judge.
Relator Otis St. George Morgan ("Morgan"), a native and citizen of Jamaica, West Indies who entered the United States as a permanent resident on June 5, 1993 and is currently in the custody of the Immigration and Naturalization Service ("INS") pending deportation, seeks a writ of habeas corpus declaring that the February 7, 1997 decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen proceedings based upon his eligibility to adjust his status in the United States pursuant to Section 245 of the Immigration and Nationality Act ("INA") was an error as a matter of law and in violation of the United States Constitution. See Petition ("Pet.") dated July 16, 1997 at ¶¶ 2, 4, 7, 10. Morgan seeks a stay of deportation and release on parole and/or bond pending a decision of this Court. Id. at ¶¶ 11, 12.
The government contends that this petition should be dismissed because this Court lacks subject matter jurisdiction, or in the alternative, that the petition is without merit and should be denied. See Letter from F. James LoPrest, Jr., Special Assistant United States Attorney, to Hon. John E. Sprizzo (August 12, 1997) ("Govt.response").

BACKGROUND
On January 13, 1995, Morgan pleaded guilty in New York State Supreme Court, Bronx County, to attempted robbery in the first degree, a class C felony, see N.Y. Penal Law §§ 110.00 & 160.15(4) (attempted robbery during the course of which a firearm is displayed), and was sentenced to eighteen to fifty-four months' imprisonment. See Govt. response at 1. On August 22, 1995, Immigration Judge Joe D. Miller found Morgan to be deportable from the United States for having been convicted of a crime involving moral turpitude under section 241(a)(2)(A)(i), 8 U.S.C. § 1251(a)(2)(A)(i) (1994), and a firearms violation under section 241(a)(2)(C), 8 U.S.C. § 1251(a)(2)(C) (1994), of the INA. See Pet. ¶ 5, Exh. 2 (unnumbered) (Decision of the Board of Immigration Appeals dated February 7, 1997). On November 24, 1995, the BIA dismissed Morgan's appeal of Immigration Judge Miller's decision. See id. at ¶ 6. Thereafter, Morgan filed a motion to reopen with the BIA based upon his eligibility to adjust his status in the United States pursuant to section 245 of the INA as the beneficiary of an approved visa petition filed by his mother, a U.S. citizen. See id. at ¶¶ 7, 8. On February 7, 1997, the BIA denied Morgan's motion to reopen because of his conviction for an aggravated felony, and held, *875 as a matter of law, that Morgan was ineligible for a waiver pursuant to section 212(h) of the INA, 8 U.S.C. § 1182(h) (Supp. II 1996).[1]See id. at ¶ 9, Exh. 2. at 1-2; Petitioner's Memorandum of Law ("Pet.Mem.") dated July 24, 1997, at 3 (unnumbered).

DISCUSSION
Under section 306 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Div. C, Omnibus Appropriations Act, 1997, Pub.L. No. 104-208, 1996 U.S.C.C.A.N. (110 Stat.) 3009-546, Congress repealed section 106 of the INA, 8 U.S.C. § 1105a (1994), and replaced it with section 242. See § 306(a), 1996 U.S.C.C.A.N. (110 Stat.) at 3009-607 to -612 (codified at 8 U.S.C. § 1252 (Supp. II 1996)). Amended section 242(g), titled "Exclusive Jurisdiction," provides:
Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under [the INA].
Pub.L. No. 104-208, § 306(a)(2), 1996 U.S.C.C.A.N. (110 Stat.) at 3009-612 (codified at 8 U.S.C. § 1252(g) (Supp. II 1996)). This section became effective on April 1, 1997, see INS v. Yang, ___ U.S. ___, ___ n. 1, 117 S.Ct. 350, 352 n. 1, 136 L.Ed.2d 288 (1996), and applies "without limitation to claims arising from all past, pending, or future exclusion, deportation, or removal proceedings under [the INA]." § 306(c)(1), 1996 U.S.C.C.A.N. (110 Stat.) at 3009-612. Since Morgan's petition is clearly a "claim by ... [an] alien arising from the decision or action by the Attorney General to ... execute removal orders against [an] alien under" the INA, see also Auguste v. Attorney General, 118 F.3d 723 (11th Cir.1997), this Court is bereft of statutory jurisdiction and the petition must be dismissed. See also 28 U.S.C. § 2342 (1994); 8 U.S.C. § 1252(b)(2) (Supp. II 1996) (judicial review of orders of removal must be initiated in a court of appeals).
While some courts have concluded that the court has not been divested of statutory habeas corpus jurisdiction by certain other statutory provisions, see Felker v. Turpin, ___ U.S. ___, ___-___, 116 S.Ct. 2333, 2337-38, 135 L.Ed.2d 827 (1996) (Antiterrorism and Effective Death Penalty Act (AEDPA)); Yesil v. Reno, 958 F.Supp. 828, 837-38 (S.D.N.Y.1997) (AEDPA); Mojica v. Reno, 970 F.Supp. 130 (E.D.N.Y.1997) (AEDPA), those cases were not interpreting the aforesaid amendment which specifically mandates that result, and where no inference of repeal by implication is or can be an issue. That conclusion is further supported by the fact that the amended statute expressly preserves habeas corpus jurisdiction in certain specified situations. Thus, the statute provides habeas corpus jurisdiction with respect to certain determinations made by immigration officers in asylum interviews and hearings. Compare 8 U.S.C. § 1252(g) (Supp. II 1996) (addressing "exclusive jurisdiction" of federal courts with respect to the execution of removal orders) with 8 U.S.C. § 1252(e)(2) (Supp. II 1996) (addressing habeas corpus proceedings with respect to the judicial review of orders under section 1225(b)(1) of the INA).
In any event, even if the Court had either constitutional or statutory jurisdiction to review the merits of petitioner's claim, that claim must be denied on the merits. As a convicted aggravated felony offender, petitioner is clearly not eligible to adjust his status under 8 U.S.C. § 1252(a)(2)(C). See 8 U.S.C. § 1252(a)(2)(C) (Supp. II 1996) ("No Court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2)....").[2] Therefore, relator's detention *876 is neither unlawful nor unconstitutional.[3]

CONCLUSION
For the foregoing reasons, Morgan's petition must be dismissed. The Clerk of Court shall enter judgment accordingly.
It is SO ORDERED.
NOTES
[1] Section 212(h) of the INA, 8 U.S.C. § 1182(h) (Supp. II 1996) provides, in relevant part:

No waiver shall be granted under this subsection in the case of an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence if ... since the date of such admission the alien has been convicted of an aggravated felony...
8 U.S.C. § 1182(h) (Supp. II 1996).
[2] See also 8 U.S.C. § 1182(a)(2)(A)(i)(I) (1994 & Supp. II 1996) (crimes involving moral turpitude); 8 U.S.C. § 1101(f)(1994 & Supp. II 1996) ("No person shall be regarded as, or found to be, of good moral character who ... is or was ... (8) one who at any time has been convicted of an aggravated felony (as defined in subsection (a)(43) of this section")); 8 U.S.C. § 1101(a)(43) (1994 & Supp. II 1996) ("The term aggravated felony means  (F) a crime of violence ... for which the term of imprisonment at least one year").
[3] Morgan has raised a number of "eleventh hour" claims for the first time in a reply brief submitted to the Court in contravention of this Court's individual rules. For that reason alone, the Court can and does refuse to consider those claims. It is well settled in the Second Circuit that a party may not raise an argument for the first time in his reply brief. See Frank v. United States, 78 F.3d 815, 833 (2d Cir.1996); United States v. Gigante, 39 F.3d 42, 50 n. 2 (2d Cir. 1994) ("Arguments may not be made for the first time in a reply brief.") (citations omitted); State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld, 921 F.2d 409, 418 (2d Cir.1990) ("`A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim.'") (citation omitted).

In any event, Morgan's equal protection claim that section 212(h) of the INA is unconstitutional because only legal permanent resident aggravated felons are precluded from obtaining a waiver is untenable. See Petitioner's Supplemental Memorandum of Law dated August 20, 1997 ("Pet.Supp.Mem.") at 2-3 (unnumbered). Under the immigration law, legal permanent resident aliens have a significantly more protected status than illegal aliens. Thus, the statute makes it clear that under the enumerated circumstances even that status does not entitle them to a waiver. Since illegal aliens enjoy no comparable status there is no need for the statute to emphasize that they may not seek a waiver because under the law they would lack the status to seek a waiver in the first place. Moreover, petitioner has made no showing that illegal aliens who have committed aggravated felonies would be entitled to seek such waiver, and thus no basis for a denial of equal protection claim has been established.
Likewise, Morgan's argument that it would be improper or unconstitutional for this Court to apply the jurisdictional bar contained in section 242(g) retroactively is meritless in light of the unambiguous language of the statute which states that it should be applied, see IIRIRA § 348(b), 1996 U.S.C.C.A.N. (110 Stat.) 3009-639 (1996 amendment of section 212(h) "shall be effective on the date of enactment of this Act [Sept. 30, 1996] and shall apply in the case of any alien who is in exclusion or deportation proceedings as of such date unless a final administrative order in such proceedings has been entered as of such date") (emphasis added), and the United States Supreme Court's "long and unwavering line of authority ... that statutes retroactively setting criteria for deportation do not violate the ex post facto provision." United States v. Koziel, 954 F.2d 831, 834 (2d Cir.1992).
Finally, Morgan's argument that since his deportation order became "final" in 1995 when the BIA dismissed and denied his appeal of Immigration Judge Miller's decision, see 8 C.F.R. § 3.1(d)(2), the amended section 212(h), see supra n. 1, does not apply to him because "a final administrative order ... has been entered," see supra IIRIRA § 348(b), 110 Stat. 3009-639 (1996), is equally meritless. Were the Court to grant Morgan's petition, his deportation proceedings would be reopened and thus rendered nonfinal, and Morgan would nonetheless remain barred from relief under amended section 212(h) because of his aggravated felony conviction. See In re Pineda-Castellanos, Interim Decision (BIA) 3326, 1997 WL 525545, at *3 (BIA Aug. 26, 1997) (IIRIRA section 348(b) retroactivity provision protects only "administratively final grants of waivers under section 212(h)" that predate the Sept. 30, 1996 enactment of the IIRIRA; reopening deportation proceedings would render "deportation order no longer administratively final"); see also Zhang v. Slattery, 55 F.3d 732, 755-756 (2d Cir.1995) (Second Circuit Court of Appeals "will only reverse the BIA's interpretation of statutory law where it appears from the statute or its legislative history that the interpretation is contrary to Congress's intent.") (citation omitted) (internal quotation omitted).